IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MUTUAL OF AMERICA LIFE INSURANCE COMPANY,<br><br>              Plaintiff,<br><br>   -v-<br><br>MUTUAL OF AMERICA MORTGAGE GROUP, INC. and RICHARD EVAN ISAACS<br><br>              Defendants. | Civil Action No. 07 CIV. 3178 |

## COMPLAINT

Plaintiff, Mutual of America Life Insurance Company, for its Complaint herein alleges as follows:

## NATURE OF ACTION

1.  This action is for infringement of a federally registered trademark in violation of Section 32 of the United States Trademark Act, 15 U.S.C. § 1114; for use of false designations of origin and false representations, and unfair competition in violation of Section 43(a) of the United States Trademark Act, 15 U.S.C. § 1125(a); for federal dilution in violation of Section 43(a) of the United States Trademark Act, 15 U.S.C. § 1125(c); and for related claims for common law trademark infringement and unfair competition, injury to business reputation and dilution, and deceptive trade practices under New York law.

## THE PARTIES

2.  Plaintiff, Mutual of America Life Insurance Company ("Mutual of America"), is a

company organized under the laws of the State of New York, with its principal place of business located at 320 Park Avenue, New York, New York 10022.

3. Upon information and belief, Defendant, Mutual of America Mortgage Group, Inc. ("Mutual of America Mortgage"), is a corporation organized under the laws of the State of New York, with a registered address of 8 Amy Place, White Plains, New York 10605. Attached at Exhibit 1 is a true and correct copy of a printout from the New York Department of State Web site which provides corporate information concerning Mutual of America Mortgage.

4. Upon information and belief, Defendant, Richard Evan Isaacs ("Isaacs") is an individual residing at 8 Amy Place, White Plains, New York 10605, the same address listed as the registered address for Mutual of America Mortgage.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367 as it involves substantial claims arising under the Trademark Laws of the United States together with related claims under New York law.

6. This Court has personal jurisdiction over Mutual of America Mortgage and Isaacs (collectively "Defendants"), which, upon information and belief, reside in this judicial district, are transacting business in the State of New York, and are committing infringing acts in the State of New York.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 as Defendants reside in this judicial district and the events giving rise to the claims occurred in this judicial district.

**COUNT ONE**

**INFRINGEMENT OF A FEDERALLY
REGISTERED TRADEMARK UNDER 15 U.S.C. § 1114**

**MUTUAL OF AMERICA'S TRADE NAME AND TRADEMARK**

8.      For over twenty years, and since long prior to the acts of Defendants complained of herein, Mutual of America has used the MUTUAL OF AMERICA trade name and trademark. Mutual of America and its family of companies, including Mutual of America Investment Corporation, Mutual of America Capital Management Corporation, Mutual of America Institutional Funds, Inc., and Mutual of America Securities Corporation, have used the MUTUAL OF AMERICA trade name and trademark in connection with a wide variety of insurance and other financial products and services.  The MUTUAL OF AMERICA trade name and trademark is exceedingly well-known in the insurance and financial field, and due to the quality of MUTUAL OF AMERICA products and services, Mutual of America and its family of companies have a long-standing reputation for excellence.

9.      The scope of MUTUAL OF AMERICA products and services is extremely broad, ranging from a wide variety of insurance-related products and services, including life insurance and disability insurance and annuities for pension, retirement and other long-range savings needs.  MUTUAL OF AMERICA products and services also include other financial services offered through Mutual of America's family of companies, including investment management services and mutual funds.  The MUTUAL OF AMERICA products and services are marketed and sold to an extremely broad range of consumers, including individuals, as well as all types of organizations and their employees.

10.     Since long prior to the acts of Defendants complained of herein, Mutual of America has extensively promoted its trade name and trademark MUTUAL OF AMERICA in

connection with its insurance and other financial products and services through various means, including its Internet website located at www.mutualofamerica.com, such that its name and mark has become widely known and recognized by the public and the trade.  As a result of Mutual of America's substantial investment in developing and promoting the MUTUAL OF AMERICA brand, the MUTUAL OF AMERICA name and mark has come to identify and distinguish Mutual of America's and its affiliates' products and services sold under that name and mark, and represents enormous goodwill of great value belonging exclusively to Mutual of America.

       11.     In recognition of its exclusive and extremely valuable rights and goodwill in the MUTUAL OF AMERICA name and mark, the MUTUAL OF AMERICA mark has been registered in the United States Patent and Trademark Office for a wide variety of insurance and other financial services.  Mutual of America owns U.S. Registration No. 2,945,781, issued May 3, 2005, for the mark MUTUAL OF AMERICA for "financial, investment advisory, insurance and pension services, namely, underwriting group and individual variable accumulation annuities for pension, retirement and long-term saving and planning and consultation in connection therewith; underwriting variable universal life insurance, life and disability insurance and consultation in connection therewith; underwriting of funding agreements, guaranteed investment contracts, pension investment contracts and consultation in connection therewith; insurance and pension consultation services, namely, providing information regarding insurance and pension eligibility, claims, payments, and reporting data; electronic payment namely, electronic processing bill payment data in the field of insurance and pension plans".  This registration is valid and subsisting, and in full force and effect.  Mutual of America is the owner of this registration and the trademark shown therein and all of the business and goodwill connected therewith and symbolized thereby.  A certified copy of this registration is attached

hereto at Exhibit 2.

## DEFENDANTS' WRONGFUL AND UNLAWFUL
## USE OF MUTUAL OF AMERICA'S TRADE NAME AND TRADEMARK

12. Upon information and belief, with full knowledge of the MUTUAL OF AMERICA name and mark, and the tremendously valuable goodwill that Mutual of America has built over the years in New York and throughout the United States, and long after Mutual of America's exclusive and continuous use of its MUTUAL OF AMERICA name and mark, Defendants adopted and registered to use the name and mark MUTUAL OF AMERICA in its business name.

13. Upon information and belief, with full knowledge of the MUTUAL OF AMERICA name and mark, and the tremendously valuable goodwill that Mutual of America has built over the years, and long after Mutual of America's exclusive and continuous use of its MUTUAL OF AMERICA name and mark, Defendants adopted the name and mark MUTUAL OF AMERICA in its business name for use with the advertising and sale of mortgage related goods and services.

14. On October 27, 2006, Mutual of America, through its attorneys, sent a letter to Mutual of America Mortgage's 8 Amy Place, White Plains, New York 10605 registered address, demanding that it cease its infringement, unfair competition and dilution of Mutual of America's well-known MUTUAL OF AMERICA name and mark. A true and correct copy of this letter is attached hereto at Exhibit 3. Mutual of America, through its attorneys, obtained confirmation that the letter addressed to Mutual of America Mortgage's registered business address was delivered. A true and correct copy of the signed certified mail return receipt postcard is attached hereto at Exhibit 4. The postcard was signed by "Richard E. Isaacs".

15. After receiving no response from Defendants, on January 16, 2007, Mutual of

America, through its attorneys, again wrote to Mutual of America Mortgage repeating the demand that the infringement of the name and mark MUTUAL OF AMERICA cease and attaching a copy of the October 27, 2006 letter.  A true and correct copy of this letter is attached hereto at Exhibit 5.  Mutual of America, through its attorneys, obtained confirmation that this letter was delivered.  A true and correct copy of the signed certified mail return receipt postcard is attached hereto at Exhibit 6.  To date, neither Mutual of America nor its attorneys have received any response from Defendants.

16. Upon information and belief, despite having knowledge of Mutual of America's rights in its MUTUAL OF AMERICA name and mark, Defendants adopted and used the mark MUTUAL OF AMERICA in connection with Defendants' services.  Upon information and belief, Defendants' use of the mark MUTUAL OF AMERICA was commenced and has continued in willful violation of Mutual of America's rights as the Mutual of America Mortgage Group, Inc. name remains registered with the New York Department of State.

17. Upon information and belief, on March 7, 2007, despite having knowledge of Mutual of America's rights in its MUTUAL OF AMERICA name and mark and despite receipt of the two cease and desist letters referenced above in paragraphs 14 and 15,  Defendants submitted with the New York State Bank Association, Mortgage Banking Division, an application to engage in the business of Mortgage Broker under Article 12-D of the New York State Banking Law.  Attached hereto at Exhibit 7 are redacted pages from the State of New York Banking Department's Weekly Bulletin for March 9, 2007 referencing Defendants' application.

18. Upon information and belief, Defendants' mortgage related services are or are to be marketed and sold to the same class of customers and end-users as the products and services of Mutual of America.

19. Defendants' use and threatened continued use of the name and mark MUTUAL OF AMERICA is likely to cause confusion, to cause mistake, and to deceive as to the source, origin, or sponsorship of Defendants' services and to cause the public wrongly to associate Mutual of America with the Defendants and to believe that Defendants is somehow affiliated or connected with, or licensed, sponsored, or approved by Mutual of America.

20. Defendants' use and threatened continued use of the name and mark MUTUAL OF AMERICA constitute the use of a false designation of origin and false representation of Defendants' services.

21. Defendants' use and threatened continued use of the name and mark MUTUAL OF AMERICA is likely to cause Mutual of America to lose the ability to control its reputation and image among the public.

22. Defendants' use and threatened continued use of the name and mark MUTUAL OF AMERICA is likely to gain acceptance for Defendants' services by trading on the merit, reputation, and goodwill built up by Mutual of America's extensive use, advertising, and marketing of products and services under the MUTUAL OF AMERICA name and mark.

23. Defendants' use and threatened continued use of the name and mark MUTUAL OF AMERICA has been with full knowledge of Mutual of America's prior rights and with intent to confuse consumers and to benefit from the goodwill of Mutual of America and Mutual of America's and its affiliates' products and services.

24. The aforesaid acts of Defendants, constitute willful and intentional infringement of Mutual of America's federally registered trademark in violation of Section 32 of the United States Trademark Act, 15 U.S.C. § 1114.

25. Defendants' aforesaid acts have caused and, unless restrained by this Court, will

continue to cause great and irreparable injury to Mutual of America, for which it has no adequate remedy at law.

## COUNT TWO

### FALSE DESIGNATIONS OF ORIGIN AND FALSE REPRESENTATIONS, AND UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

26.     Mutual of America repeats and realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 25 above.

27.     Defendants' aforesaid acts constitute willful and intentional use of false designations of origin and false representations, and unfair competition in violation of Section 43(a) of the United States Trademark Act, 15 U.S.C. § 1125(a).

28.     Defendants' aforesaid acts have caused and, unless restrained by this Court, will continue to cause great and irreparable injury to Mutual of America, for which it has no adequate remedy at law.

## COUNT THREE

### FEDERAL DILUTION UNDER 15 U.S.C. § 1125(c)

29.     Mutual of America repeats and realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 28 above.

30.     Defendants' aforesaid acts constitute willful and intentional dilution of the distinctive quality of, and tremendous goodwill associated with Mutual of America's famous name and trademark in violation of Section 43(c) of the United States Trademark Act, 15 U.S.C. § 1125(c).

31.     Defendants' aforesaid acts have resulted in actual dilution of Mutual of America's famous name and trademark.

32. Defendants' aforesaid acts have caused and, unless restrained by this Court, will continue to cause great and irreparable injury to Mutual of America, for which it has no adequate remedy at law.

### COUNT FOUR

### TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER NEW YORK LAW

33. Mutual of America repeats and realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 32 above.

34. Defendants' aforesaid acts constitute willful and intentional trademark infringement and unfair competition under the common law of the State of New York.

35. Defendants' aforesaid acts have caused and, unless restrained by this Court, will continue to cause great and irreparable injury to Mutual of America, for which it has no adequate remedy at law.

### COUNT FIVE

### INJURY TO BUSINESS REPUTATION AND DILUTION UNDER NEW YORK LAW

36. Mutual of America repeats and realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 35 above.

37. Defendants' aforesaid acts are likely to injure the business reputation of Mutual of America and dilute the distinctive quality of the MUTUAL OF AMERICA name and mark in violation of N.Y. Gen. Bus. Law § 360-1.

38. Defendants' aforesaid acts have caused and, unless restrained by this Court, will continue to cause great and irreparable injury to Mutual of America, for which it has no adequate remedy at law.

## COUNT SIX

## DECEPTIVE TRADE PRACTICES UNDER NEW YORK LAW

39. Mutual of America repeats and realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 38 above.

40. Defendants' aforesaid acts constitute deceptive trade practices in violation of N.Y. Gen. Bus. Law § 349.

41. Defendants' aforesaid acts have caused and, unless restrained by this Court, will continue to cause great and irreparable injury to Mutual of America, for which it has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Mutual of America prays that the Court:

1. declare, adjudge and decree that Defendants' aforesaid acts constitute infringement of Mutual of America's federally registered trademark in violation of 15 U.S.C. § 1114; use of false designations of origin and false representations, and unfair competition in violation of 15 U.S.C. § 1125(a); federal dilution in violation of 15 U.S.C. § 1125(c); trademark infringement and unfair competition in violation of the common law of the State of New York; injury to Mutual of America's business reputation and dilution in violation of N.Y. Gen. Bus. Law § 360-l; and deceptive trade practices under N.Y. Gen. Bus. Law § 349;

2. grant preliminary and permanent injunctions restraining Defendants, and its officers, directors, agents, servants, employees, attorneys and those persons in active concert or participation or otherwise in privity with them from engaging in further acts constituting trademark infringement, false designations of origin and false representations, and unfair competition, injury to business reputation and dilution, and deceptive trade practices, including

the use and registration of the name and mark MUTUAL OF AMERICA alone or in connection with other terms or a name or mark incorporating both the terms "MUTUAL" and "AMERICA";

      3.    order that Defendants file with the Court and serve upon Mutual of America within thirty (30) days after service upon Defendants of this Court's injunction issued in this action, a written report, signed under oath, setting forth in detail the manner in which Defendants has complied with such injunction, including confirmation that Defendants is not using in any manner the name and mark MUTUAL OF AMERICA alone or in connection with other terms, or a name or mark incorporating both terms "MUTUAL" and "AMERICA", and that Defendants has recorded with the New York Department of State a change of company name that does not include MUTUAL OF AMERICA alone or in connection with other terms or does not include both the terms "MUTUAL" and "AMERICA";

      4.    order the State of New York to dissolve the company name Mutual of America Mortgage Group, Inc. from the records of the New York Department of State if Defendants fail to file with the Court and serve upon Mutual of America within thirty (30) days after service upon Defendants of this Court's injunction issued in this action, a written report, signed under oath, confirming that Defendants have recorded with the New York Department of State a change of company name that does not include MUTUAL OF AMERICA alone or in connection with other terms or does not include both the terms "MUTUAL" and "AMERICA";

      5.    order the New York State Bank Association, Mortgage Banking Division, to reject Defendants' application or withdraw approval granted to Defendants' to engage in the business of Mortgage Broker under Article 12-D of the New York State Banking Law under the Mutual of America Mortgage Group, Inc. name unless and until the Mutual of America Mortgage Group, Inc. company name is changed to a company name that does not incorporate

MUTUAL OF AMERICA alone or in connection with other terms or does not incorporate both the terms "MUTUAL" and "AMERICA".

6. order that Defendants account to Mutual of America for, and that Mutual of America be awarded Defendants' profits from sales of its services advertised, promoted, marketed, sold, offered for sale, or provided under the name and mark MUTUAL OF AMERICA, together with such increased sum in addition thereto as the Court shall find just in view of the willful and intentional nature of Defendants' infringing and tortious acts;

7. award Mutual of America its damages arising out of Defendants' infringing and tortious acts, together with an amount which is three times the amount found as actual damages;

8. award Mutual of America its costs, disbursements and reasonable attorneys' fees incurred in bringing this action;

9. award Mutual of America punitive damages to the extent permitted by law; and

10. award Mutual of America such other and further relief as the Court may deem just and proper.

                                                                            Respectfully submitted,

Date: April 20, 2007                 By:        s/ Peter D. Vogl_____
                                                           Peter D. Vogl (PV3385)
                                                           Nancy A. Zoubek (NZ6414)
                                                           JONES DAY
                                                           222 East 41st Street
                                                           New York, New York 10017
                                                           Tel: (212) 326-3939
                                                           Fax: (212) 755-7306
                                                           Email: pdvogl@jonesday.com,
                                                                      nazoubek@jonesday.com,

                                                           Attorneys for Plaintiff
                                                           Mutual of America Life Insurance Company