USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/17/07

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

MUTUAL OF AMERICA LIFE INSURANCE
COMPANY,

        Plaintiff,

    -v-

MUTUAL OF AMERICA MORTGAGE GROUP,
INC. and RICHARD EVAN ISAACS,

        Defendants.

Civil Action No. 07-CV-3178 (HB)

---

## CONSENT JUDGMENT

Upon the consent of Plaintiff, Mutual of America Life Insurance Company ("Mutual of America"), and Defendants, Richard Evan Isaacs and Mutual of America Mortgage Group, Inc. (collectively "Defendants"), by and through their respective undersigned counsel, and upon all other papers filed and proceedings had herein and the Court's findings and determinations as stated below, it is hereby ORDERED, ADJUDGED and DECREED that:

1.     Plaintiff, Mutual of America Life Insurance Company, is a company organized under the laws of the State of New York, with its principal place of business located at 320 Park Avenue, New York, New York 10022.

2.     Defendant, Richard Evan Isaacs, is an individual residing at 8 Amy Place, White Plains, New York 10605.

3.     Defendant, Mutual of America Mortgage Group, Inc., is a corporation organized under the laws of the State of New York, with a registered address of 8 Amy Place Road, White Plains, New York 10605.

4. This action is for infringement of a federally registered trademark in violation of Section 32 of the United States Trademark Act, 15 U.S.C. § 1114; for use of false designations of origin and false representations, and unfair competition in violation of Section 43(a) of the United States Trademark Act, 15 U.S.C. § 1125(a); for federal dilution in violation of Section 43(a) of the United States Trademark Act, 15 U.S.C. § 1125(c); and for related claims for common law trademark infringement and unfair competition, injury to business reputation and dilution, and deceptive trade practices under New York law.

5. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367 as it involves substantial claims arising under the Trademark Laws of the United States together with related claims under New York law.

6. This Court has personal jurisdiction over Defendants, which reside in this judicial district and are transacting business in the State of New York.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 as Defendants reside in this judicial district and a substantial part of the events giving rise to the claims occurred in this judicial district.

8. Mutual of America alleges that it has used the MUTUAL OF AMERICA trade name and trademark for over twenty years. Mutual of America and its family of companies, including Mutual of America Investment Corporation, Mutual of America Capital Management Corporation, Mutual of America Institutional Funds, Inc., and Mutual of America Securities Corporation, have used the MUTUAL OF AMERICA trade name and trademark in connection with a wide variety of insurance and other financial products and services. Mutual of America alleges that the MUTUAL OF AMERICA trade name and trademark is exceedingly well known

in the insurance and financial field, and due to the quality of MUTUAL OF AMERICA products and services, Mutual of America and its family of companies have a long-standing reputation for excellence.

9. Mutual of America alleges that as a result of its substantial investment in developing and promoting the MUTUAL OF AMERICA brand, the MUTUAL OF AMERICA name and mark has come to identify and distinguish Mutual of America's products and services sold under that name and mark, and represents enormous goodwill of great value belonging exclusively to Mutual of America.

10. In recognition of Mutual of America's rights to the MUTUAL OF AMERICA name and mark, the United States Patent and Trademark Office has granted Mutual of America U.S. Registration No. 2,945,781, issued May 3, 2005, for the mark MUTUAL OF AMERICA. A true and correct copy of this registration is attached hereto at Exhibit 1. This registration is valid and subsisting, and in full force and effect. Mutual of America is the owner of this registration and the trademark shown therein and all of the business and goodwill connected therewith and symbolized thereby.

11. Long after Mutual of America's use of its MUTUAL OF AMERICA name and mark, Defendants adopted and began to use the name and designation MUTUAL OF AMERICA in their business name in connection with the advertising and sale of mortgage related goods and services.

12. On April 20, 2007, Mutual of America commenced this action against Defendants asserting six claims, namely, federal claims for trademark infringement, including infringement resulting from a likelihood of confusion as to sponsorship or affiliation, unfair competition, and

dilution and related claims for common law trademark infringement, and unfair competition, injury to business reputation and dilution, and deceptive trade practices under New York law.

13.  The parties hereto wish to amicably resolve the dispute existing between them as embodied in the civil action, and have stipulated to the entry of this Consent Judgment.

## ORDER

1.  Defendants, together with their officers, agents, servants, employees, attorneys, and successors and assigns, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, are hereby permanently enjoined and restrained:

   (i)   from using or registering in connection with the advertising, promotion, manufacture, distribution, offering for sale or sale of any service or product, any name, mark or other designation incorporating both the terms "Mutual" (or variations thereof, e.g., "Mutuals") and "America" (or variations thereof, e.g., "Americas"), including, but not limited to, the names Mutual of America Mortgage Group, Inc.; Mutual of America Mortgage Group; and Mutual of America Mortgage;

   (ii)  with respect to the name and mark MUTUAL OF AMERICA, doing any other act or thing that is calculated or likely to cause confusion, mistake or deception among the trade or the public as to the source, origin, sponsorship, or affiliation of Defendants' services or products, including that they emanate from, are sponsored or approved by, or affiliated with Mutual of America, or that is likely to injure the reputation of Mutual of America or

dilute the distinctiveness of the MUTUAL OF AMERICA name and mark, or from otherwise engaging in unfair business acts and practices or competing unfairly with or causing damage to Mutual of America; and

        (iii)    with respect to the name and mark MUTUAL OF AMERICA, from engaging in other any acts constituting trademark infringement, false designations of origin and false representations, and unfair competition, injury to business reputation and dilution, and deceptive trade practices, including the use and registration of any name, mark or other designation incorporating both the terms "Mutual" (or variations thereof, e.g., "Mutuals") and "America" (or variations thereof, e.g., "Americas"), including, but not limited to the names Mutual of America Mortgage Group, Inc.; Mutual of America Mortgage Group; and Mutual of America Mortgage.

2.    Notwithstanding that the foregoing is effective immediately, Defendants shall have thirty (30) days after execution of this Consent Judgment within which to take all necessary actions to effect a complete change to a name(s) that does not incorporate both the terms "Mutual" (or variations thereof, e.g., "Mutuals") and "America" (or variations thereof, e.g., "Americas") or to effect a dissolution of all companies Defendants have incorporated with names that incorporate both the terms "Mutual" (or variations thereof, e.g., "Mutuals") and "America" (or variations thereof, e.g., "Americas").

3.    Defendants shall file with the Court and serve upon Mutual of America within thirty (30) days after execution of this Consent Judgment, a signed affidavit confirming that Defendants are not using in any manner any name, mark or other designation incorporating both the terms "Mutual" (or variations thereof, e.g., "Mutuals") and "America" (or variations thereof,

e.g., "Americas"); and that Defendants have taken all necessary actions to effect a complete change of name(s) that does not incorporate both the terms "Mutual" (or variations thereof, e.g., "Mutuals") and "America" (or variations thereof, e.g., "Americas") or dissolution of all companies Defendants have incorporated with names that incorporate both the terms "Mutual" (or variations thereof, e.g., "Mutuals") and "America" (or variations thereof, e.g., "Americas"). Such actions shall include, but not be limited to: filing with the New York Department of State and any other relevant agencies the necessary documents to effect a change of company name that does not include both the terms "Mutual" (or variations thereof, e.g., "Mutuals") and "America" (or variations thereof, e.g., "Americas") or to effect a dissolution of all companies Defendants have incorporated with names that incorporate both the terms "Mutual" (or variations thereof, e.g., "Mutuals") and "America" (or variations thereof, e.g., "Americas") and filing with the State of New York Banking Department and any other relevant agencies the necessary documents to notify those agencies of the change of the legal name of the company or dissolution of the company.

4.  Entry of this Consent Judgment shall effect a full and final resolution of this action.

5.  The Court shall retain continuing jurisdiction over this matter and over Defendants and any disputes hereunder in order to enforce any part of this Consent Judgment.

6. All terms, provisions and obligations set forth in the parties' Settlement Agreement, which the parties have executed simultaneously herewith, are incorporated fully herein as part of this Consent Judgment and shall be binding as a resolution of the controversy between Mutual of America and Defendants.

MUTUAL OF AMERICA
LIFE INSURANCE COMPANY

Date: _____, 2007

By: _____
Peter D. Vogl (PV3385)
Nancy A. Zoubek (NZ6414)
JONES DAY
222 East 41st Street
New York, New York 10017
(212) 326-3939

Attorneys for Plaintiff

RICHARD EVAN ISAACS AND MUTUAL OF AMERICA MORTGAGE GROUP, INC.

Date: _____, 2007

By: _____
Attorney for Defendants

IT IS SO ORDERED:

Signed on _____, 2007

Harold Baer, Jr.
United States District Judge

**THIS DOCUMENT WAS ENTERED ON THE DOCKET ON** _____